**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DION HUNTER,

      Petitioner,               Civil Action No. 2:10-13533

v.                            HONORABLE BERNARD A. FRIEDMAN
                            UNITED STATES DISTRICTJUDGE

U.S. FEDERAL PRISONS,

      Respondent,

_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## THE PETITION FOR WRIT OF HABEAS CORPUS

Dion Hunter, ("Petitioner"), a federal prisoner who is currently confined at

the Clare County Jail in Harrison, Michigan, has filed a petition for writ of habeas

corpus with this Court pursuant to 28 U.S.C. § 2241. For the reasons stated

below, the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED**

**WITHOUT PREJUDICE.**

## I. Discussion

The petition for writ of habeas corpus must be dismissed, because

petitioner has failed to specify the claims that he is wishes to raise in his petition,

nor has he alleged any facts which show that he is being detained in violation of

the federal constitution. The only facts mentioned by petitioner in his habeas

application is that he was convicted of conspiracy to commit fraud in Bay City,

Michigan on June 29, 2010 and sentenced to 80 months in prison. Petitioner, in

1

fact, was convicted on his plea of guilty before Judge Ludington in the United States District Court for the Eastern District of Michigan of one count of conspiracy to commit access device fraud, contrary to 18 U.S.C. § 1029(b)(2), and was sentenced on June 29, 2010 to 80 months in prison. [1] On July 6, 2010, petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [2]

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63 (1996)(internal citations omitted). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994)(*citing to* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254); *See also Smith v. Stegall,* 141 F. Supp. 2d 779, 784 (E.D. Mich. 2001). Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas

---

[1] *See United States v. Hunter*, U.S.D.C. 09-20023-BC. A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).

[2] *See* U.S.D.C. 09-20023-BC, Dkt. # 254.

relief. *See Payne v. Smith,* 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002).

In the present case, petitioner has filed a blank habeas petition and merely indicates that he was convicted of conspiracy to commit fraud in Bay City, Michigan. Petitioner does not indicate in his petition the claims he wishes to raise or make any arguments that would state a claim for habeas relief. Petitioner does not even specify whether he is challenging his conviction or some other aspect of his detention. Because petitioner has failed to state any grounds for relief, his habeas petition is subject to dismissal.

To the extent that petitioner is challenging his federal conviction, his habeas petition is prematurely filed, because petitioner's criminal case is currently pending before the Sixth Circuit on direct appeal. A district court should not entertain a habeas petition or a post-conviction motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 while an appeal is pending in the court of appeals or with the Supreme Court. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1124 (6th Cir. 1998); *See also U.S. v. Banks,* 296 Fed. Appx. 234, 235 (3rd Cir. 2008); *Feldman v. Henman*, 815 F. 2d 1318, 1320 (9th Cir. 1987). The Court will therefore dismiss the petition for writ of habeas corpus without prejudice.

## II. ORDER

Accordingly, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.

Because a certificate of appealability is not needed to appeal the denial of a

habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

S/Bernard A. Friedman
**HON. BERNARD A. FRIEDMAN**
**UNITED STATES DISTRICT JUDGE**

DATED:  September 27, 2010

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Judge Friedman